# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
-------------------------------------------------------------------X

Index No.: ______________/2026

**SUMMONS**

Date Index No. Purchased:

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Plaintiff designates Kings County as the place of trial.

The basis of the venue designated is Plaintiff's residence pursuant to CPLR 503(a); Plaintiff resides in Brooklyn, New York 11230, County of Kings, State of New York.

Defendant's address: Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, New York 10005, with service of process available upon the New York Secretary of State pursuant to Business Corporation Law § 306, and upon its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

TO: EXPERIAN INFORMATION SOLUTIONS, INC.

Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, New York 10005, with service of process available upon the New York Secretary of State pursuant to Business Corporation Law § 306, and upon its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
---------------------------------------------------------------------X

Index No.: ______________/2026

**VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff EVA COLEMAN a/k/a EVA FEDER ("Plaintiff"), by her attorney, Elliot M. Elo, Esq. of THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC, as and for her verified complaint against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought by an individual consumer against a consumer reporting agency for willful and negligent violations of section 609(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a).

2. On June 4, 2026, Plaintiff requested from Defendant a full disclosure of all information in her consumer file through Defendant's own consumer website.

3. In response, Defendant delivered to Plaintiff a twenty page document in which every account number is masked, one account number is masked in its entirety so that not a single digit is disclosed, two student loan accounts are displayed with identical masked account numbers so that they cannot be told apart, monthly balance, past due, and payment amounts are omitted from every payment history, entire categories of account data are displayed only as dashes that

Defendant's own legend defines as "Data Unavailable", and the sources of the information in Plaintiff's file are not identified.

4. Defendant's consumer file disclosure therefore failed to clearly and accurately disclose all information in Plaintiff's file at the time of her request, in violation of 15 U.S.C. § 1681g(a)(1), failed to clearly and accurately disclose the sources of that information, in violation of 15 U.S.C. § 1681g(a)(2), and failed to identify each person that procured a consumer report concerning Plaintiff during the applicable statutory period, in violation of 15 U.S.C. § 1681g(a)(3)(A).

5. This action does not assert any claim that any item of information in Plaintiff's consumer file is substantively inaccurate, and no allegation herein should be construed as a claim under 15 U.S.C. § 1681e(b) or 15 U.S.C. § 1681i.

**PARTIES**

6. Plaintiff EVA COLEMAN a/k/a EVA FEDER is a natural person who resides in Brooklyn, New York 11230, in the County of Kings, State of New York.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) because she is an individual.

8. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is an Ohio corporation with its principal executive office in Costa Mesa, California.

9. Defendant is authorized to do business in the State of New York as a foreign business corporation, where it is registered with the New York Department of State under DOS ID 2076147.

10. Defendant's registered agent in New York is C T Corporation System, 28 Liberty Street, New York, New York 10005, and Defendant may be served through the New York Secretary of State pursuant to Business Corporation Law § 306.

11. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) because, for monetary fees, dues, or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

12. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of 15 U.S.C. § 1681a(p).

13. At all times relevant hereto, Defendant assembled, evaluated, maintained, and sold consumer information concerning Plaintiff, and maintained a consumer file concerning Plaintiff within the meaning of 15 U.S.C. § 1681a(g).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action because state courts have concurrent jurisdiction over claims arising under the FCRA pursuant to 15 U.S.C. § 1681p.

15. This Court has general personal jurisdiction over Defendant pursuant to CPLR 301 because Defendant is registered to do business in New York and maintains a continuous and systematic course of business in New York.

16. This Court also has specific personal jurisdiction over Defendant pursuant to CPLR 302(a)(1) because Defendant transacts business within New York, including by maintaining and selling consumer files and consumer reports concerning New York consumers such as Plaintiff, and Plaintiff's claims arise from those transactions.

17. Venue is proper in Kings County pursuant to CPLR 503(a) because Plaintiff resides in Kings County.

18. This action was commenced within two years after the date of Plaintiff's discovery of the violations alleged herein and within five years after the date on which the violations occurred, and is therefore timely under 15 U.S.C. § 1681p.

## STATUTORY FRAMEWORK

19. Congress enacted the FCRA in 1970 upon a finding that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy", 15 U.S.C. § 1681(a)(4).

20. Section 1681g(a) of the FCRA provides in relevant part that "[e]very consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: (1) All information in the consumer's file at the time of the request".

21. Section 1681g(a)(2) of the FCRA further requires every consumer reporting agency to clearly and accurately disclose to the consumer "[t]he sources of the information" in the consumer's file.

22. Section 1681g(a)(3)(A) of the FCRA further requires every consumer reporting agency to clearly and accurately disclose to the consumer the identification of each person that procured a consumer report concerning the consumer for employment purposes during the two year period preceding the request, or for any other purpose during the one year period preceding the request.

23. Section 1681a(g) of the FCRA provides that "[t]he term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored".

24. The statutory command of section 1681g(a)(1) therefore has two independent components: the disclosure must include all information in the consumer's file, and the disclosure of that information must be both clear and accurate.

25. A consumer file disclosure that withholds, masks, or truncates information recorded and retained by the consumer reporting agency does not disclose "all information in the consumer's file" and is neither clear nor accurate.

26. The purpose of section 1681g(a) is to enable the consumer to see everything the consumer reporting agency maintains about her so that she can identify each account, compare the file against her own records, detect inaccuracies, mixed file content, or identity theft, and exercise her dispute rights under 15 U.S.C. § 1681i.

27. *See Cortez v. Trans Union*, LLC, 617 F.3d 688, 711-12 (3d Cir. 2010) (holding that the section 1681g(a) file encompasses all information about the consumer that the agency retains and provides to potential users, however denominated).

28. A consumer suffers a concrete informational injury sufficient to sue where the statute entitles her to information, the information is withheld or obscured, and the deprivation causes the type of harm Congress sought to prevent, including impairment of the consumer's ability to understand her own file, *see Kelly v. RealPage Inc.*, 47 F.4th 202, 212-14 (3d Cir. 2022) (informational injury under section 1681g); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022) (describing the breadth of Defendant's own section 1681g file disclosure obligation).

## FACTUAL ALLEGATIONS

29. On June 4, 2026, Plaintiff requested a full disclosure of all information in her consumer file from Defendant through Defendant's own online consumer service located at usa.experian.com.

30. Plaintiff's request was a request for her complete consumer file disclosure within the meaning of 15 U.S.C. § 1681g(a).

31. In response to Plaintiff's request, Defendant generated and delivered to Plaintiff, through Defendant's own printable report function at usa.experian.com, a document captioned "Prepared For EVA FEDER" and bearing the legend "Date generated: Jun 4, 2026" (the "Disclosure").

32. The Disclosure consists of twenty pages as rendered and paginated by Defendant's own online service, each page bearing a uniform resource locator beginning usa.experian.com/mfe/credit/printable-report/experian and a page designation running from 1/20 through 20/20.

33. A true and correct copy of the Disclosure is attached hereto as Exhibit A and is incorporated herein by reference.

34. The Disclosure was the only consumer file disclosure Defendant provided to Plaintiff in response to her request.

35. The Disclosure identifies Plaintiff by the name EVA FEDER, lists the alias EVA COLEMAN, lists three addresses, lists two employers, states a year of birth, and reports twelve credit accounts, one collection account, and one credit inquiry concerning Plaintiff.

## MASKED ACCOUNT NUMBERS

36. The Disclosure displays the account number for the tradeline styled CITICARDS CBNA only as 542418XXXXXX.

37. The Disclosure displays the account number for the first tradeline styled DEPT OF ED/AIDVANTAGE, opened September 7, 2021, only as 939134XXXXXXXXXXXXXXXXXXXX.

38. The Disclosure displays the account number for the second tradeline styled DEPT OF ED/AIDVANTAGE, opened November 16, 2020, only as 939134XXXXXXXXXXXXXXXXXXXX.

39. The Disclosure displays the account number for the tradeline styled TD BANK USA/TARGETCRED only as 511786XXXXXX.

40. The Disclosure displays the account number for the tradeline styled CBNA only as 512106XXXXXX.

41. The Disclosure displays the account number for the tradeline styled COMENITYBANK/VICTORIA only as 539176XXXXXX.

42. The Disclosure displays the account number for the first tradeline styled DISCOVERC, opened September 18, 2014, only as 601100XXXXXX.

43. The Disclosure displays the account number for the second tradeline styled DISCOVERC, opened January 13, 2016, only as 601120XXXXXX.

44. The Disclosure displays the account number for the tradeline styled JPMCB CARD only as 414720XXXXXX.

45. The Disclosure displays the account number for the tradeline styled SEARS/CBNA only as 504994XXXXXX.

46. The Disclosure displays the account number for the tradeline styled TD BANK NA only as 483950XXXXXX.

47. The Disclosure displays the account number for the tradeline styled US BANK only as XXX, disclosing not a single digit of the account number.

48. The Disclosure displays the account number for the collection tradeline styled SPRING OAKS CAPITAL LL only as 111972XXX.

49. The two DEPT OF ED/AIDVANTAGE tradelines bear identical masked account numbers, so that Plaintiff cannot determine from the Disclosure which displayed student loan account corresponds to which of her student loans.

50. The two DISCOVERC tradelines are distinguishable from one another only by two digits within their masked account numbers, and the first six digits of a credit card account number are the issuer identification number common to cards issued by the same issuer rather than digits identifying Plaintiff's individual accounts.

51. For every tradeline in the Disclosure, the digits Defendant did display are limited in whole or in substantial part to the issuer identification prefix, while the digits that identify Plaintiff's individual accounts are replaced with the letter X.

52. Upon information and belief, Defendant records and retains in Plaintiff's file the complete, true account number for each of the foregoing tradelines.

53. Upon information and belief, Defendant receives complete account numbers from furnishers in the ordinary course of its business through the Metro 2 Format field designated for the account number, and matches, stores, and uses those complete account numbers in maintaining Plaintiff's file.

54. The complete account numbers recorded and retained by Defendant are "information on that consumer recorded and retained by a consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(g) and are therefore part of Plaintiff's file.

55. By masking the account numbers, Defendant failed to disclose all information in Plaintiff's file at the time of her request, in violation of 15 U.S.C. § 1681g(a)(1).

56. By masking the US BANK account number in its entirety, Defendant disclosed nothing at all of an item of information in Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1).

57. By displaying identical masked account numbers for two different student loan accounts, Defendant made a disclosure that was not clear, because Plaintiff cannot determine which account is which, in violation of the requirement of 15 U.S.C. § 1681g(a) that the disclosure be clear.

58. Section 1681g(a) contains no exception permitting a consumer reporting agency to mask or truncate account numbers in a consumer file disclosure made to the consumer herself, being subject only to the identification requirements of 15 U.S.C. § 1681h(a)(1), and Plaintiff satisfied all identification requirements, as demonstrated by the fact that Defendant authenticated Plaintiff and delivered the Disclosure to her through her own account on Defendant's website.

**OMITTED MONTHLY BALANCE, PAYMENT, AND PAST DUE INFORMATION**

59. Each tradeline in the Disclosure includes a monthly payment history grid, and no payment history grid anywhere in the Disclosure displays a single monthly balance, monthly amount past due, monthly scheduled payment, or monthly actual payment amount.

60. The payment history grids display, at most, single status notations for certain months, and display nothing at all or a dash for other months.

61. Defendant's own legend printed beneath the payment history grids defines the dash character as "Data Unavailable".

62. Defendant's own legend separately defines the notation ND as "No data for this period", so that Defendant itself distinguishes between months for which no data exists and months for which data exists but was made unavailable to Plaintiff.

63. The two DEPT OF ED/AIDVANTAGE payment history grids display the notation ND for month after month during 2024 and 2025, periods during which the Disclosure elsewhere states that those accounts were open, deferred, and being updated by the furnisher.

64. The payment history grid for the JPMCB CARD tradeline displays interleaved sequences of status notations and ND notations, including ND for August through December 2022 immediately following a notation for July 2022, and ND for January through July 2023 immediately preceding notations for August through December 2023, so that Plaintiff cannot determine from the Disclosure what information Defendant actually records and retains for those months.

65. The Disclosure states a "Highest balance" figure for tradelines including CITICARDS CBNA, TD BANK USA/TARGETCRED, CBNA, COMENITYBANK/VICTORIA, SEARS/CBNA, TD BANK NA, and US BANK, demonstrating that Defendant records and retains historical balance information for Plaintiff's accounts.

66. For the closed tradelines styled CBNA, COMENITYBANK/VICTORIA, SEARS/CBNA, TD BANK NA, US BANK, and the second DISCOVERC tradeline, the Disclosure displays the fields "Balance" and "Balance updated" only as dashes.

67. For every tradeline in the Disclosure other than the collection tradeline, the Disclosure displays the fields "Original creditor" and "Company sold" only as dashes.

68. For numerous tradelines, the Disclosure displays the fields "Terms", "Monthly payment", and "Comments" only as dashes.

69. Upon information and belief, furnishers report to Defendant each month, through the Metro 2 Format, the current balance, the amount past due, the scheduled monthly payment, and the actual payment amount for each account, and Defendant records and retains those monthly values in Plaintiff's file.

70. The monthly balance, payment, and past due values recorded and retained by Defendant are part of Plaintiff's file within the meaning of 15 U.S.C. § 1681a(g).

71. By omitting the monthly balance, payment, and past due values from every payment history grid in the Disclosure, and by displaying entire fields of retained account data only as dashes denoting "Data Unavailable", Defendant failed to disclose all information in Plaintiff's file at the time of Plaintiff's request, in violation of 15 U.S.C. § 1681g(a)(1).

72. By rendering payment history months as unexplained interleaved sequences of notations, dashes, and ND entries from which the consumer cannot determine what the file records, Defendant made a disclosure that was not clear, in violation of the requirement of 15 U.S.C. § 1681g(a) that the disclosure be clear.

**INCOMPLETE DISCLOSURE OF IDENTIFYING INFORMATION**

73. The Disclosure states Plaintiff's date of birth only as "Year of birth 1995".

74. Upon information and belief, Defendant records and retains Plaintiff's complete date of birth in her file, because Defendant requires and uses the complete date of birth to authenticate consumers and to match furnisher data to consumer files.

75. Plaintiff's complete date of birth as recorded and retained by Defendant is part of Plaintiff's file within the meaning of 15 U.S.C. § 1681a(g), and its omission from the Disclosure violated 15 U.S.C. § 1681g(a)(1).

**FAILURE TO CLEARLY AND ACCURATELY DISCLOSE THE SOURCES OF THE INFORMATION**

76. The Disclosure lists three addresses for Plaintiff, two employers, an alias, and a year of birth, but does not identify the source from which Defendant obtained any of those items of personal information.

77. The Disclosure does not identify the source from which Defendant obtained the employer entries styled NEIMAN and SELF EMPLOYED, entries Plaintiff would need source information to investigate.

78. For every tradeline other than the collection tradeline, the Disclosure displays the field "Original creditor" only as a dash, and displays the field "Company sold" only as a dash, so that the Disclosure does not identify the chain of entities that supplied or transferred the information reported in those tradelines.

79. Plaintiff cannot determine from the Disclosure the source of each item of information in her file, including the sources of her identification information and the full identity of the parties that supplied information to Defendant.

80. By failing to clearly and accurately identify the sources of the information in Plaintiff's file, Defendant violated 15 U.S.C. § 1681g(a)(2).

81. The sources disclosure required by 15 U.S.C. § 1681g(a)(2) is automatic upon a file disclosure request and does not require any separate or additional request by the consumer, because

section 1681g(a) requires disclosure of the enumerated items "upon request" for the file disclosure itself.

**OMITTED INQUIRY INFORMATION**

82. The section of the Disclosure entitled "Inquiries" identifies exactly one inquiry: an inquiry by FIRST TECH FCU dated February 18, 2025, which the Disclosure states "is scheduled to continue on record until Mar 2027".

83. The Disclosure contains no section identifying account review inquiries, promotional inquiries, or any other access to Plaintiff's file other than the single FIRST TECH FCU inquiry.

84. Upon information and belief, during the one year period preceding Plaintiff's request, persons in addition to FIRST TECH FCU procured consumer reports or file information concerning Plaintiff from Defendant, including creditors conducting periodic account reviews of Plaintiff's open and derogatory accounts.

85. Upon information and belief, Defendant records and retains in Plaintiff's file a record of each such access to Plaintiff's file.

86. By omitting those inquiry records from the Disclosure, Defendant failed to disclose all information in Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1), and failed to identify each person that procured a consumer report concerning Plaintiff during the applicable statutory period, in violation of 15 U.S.C. § 1681g(a)(3)(A).

**THE DISCLOSURE WAS NOT CLEAR AND ACCURATE AS A WHOLE**

87. The SPRING OAKS CAPITAL LL tradeline in the Disclosure bears the remark "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting

Act)", reflecting that Plaintiff previously disputed information in her file and depends on complete and accurate file disclosures to police her file.

88. The Disclosure states that the FIRST TECH FCU inquiry will remain on record until March 2027, demonstrating that Plaintiff's file is live, is maintained by Defendant in the ordinary course, and is accessed in connection with real decisions concerning Plaintiff.

89. Because Plaintiff's file is actively maintained and accessed, the completeness, clarity, and accuracy of Defendant's file disclosure to Plaintiff carries direct and concrete consequences for Plaintiff's ability to monitor and correct what Defendant tells others about her.

90. Taken together, the masked account numbers, the fully masked US BANK account number, the identical masked account numbers on two different student loan accounts, the omitted monthly balance, payment, and past due values, the fields displayed only as dashes denoting "Data Unavailable", the unintelligible interleaved payment history notations, the partial date of birth, the unidentified sources, and the omitted inquiry records rendered the Disclosure incomplete, unclear, and inaccurate in violation of 15 U.S.C. § 1681g(a).

**WILLFULNESS ALLEGATIONS**

91. A defendant willfully violates the FCRA where it acts knowingly or with reckless disregard of its statutory obligations, that is, where its conduct entails an unjustifiably high risk of violating the statute, *see Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58, 69-70 (2007).

92. Defendant generates consumer file disclosures such as the Disclosure through automated systems and standardized templates that Defendant designed, programmed, and controls.

93. The masking of account numbers, the suppression of monthly balance, payment, and past due values, the rendering of retained data fields as dashes, and the omission of inquiry records

are the uniform output of Defendant's template design choices, not clerical accidents unique to Plaintiff.

94. Defendant has known for decades that section 1681g(a) requires it to clearly and accurately disclose all information in the consumer's file, including through the Federal Trade Commission's rulemaking on free annual file disclosures, Free Annual File Disclosures, 69 Fed. Reg. 35468 (June 24, 2004), which addressed the obligations of nationwide consumer reporting agencies in providing file disclosures to consumers.

95. In May 2015, Defendant, together with the other nationwide consumer reporting agencies, entered into an Assurance of Voluntary Compliance with the Attorneys General of thirty-one states concerning its consumer reporting practices, further confirming Defendant's specific notice of its consumer-facing statutory obligations.

96. Defendant has itself litigated the scope of its section 1681g(a) file disclosure obligation, including in *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022), in which the Ninth Circuit described the breadth of the information subject to Defendant's file disclosure duty, so that Defendant is on specific notice of the contours of that duty.

97. Upon information and belief, Defendant has received repeated complaints from consumers, including complaints submitted through the Consumer Financial Protection Bureau's public complaint database, that its consumer file disclosures are incomplete, truncated, or unintelligible.

98. Notwithstanding that notice, Defendant made a deliberate business decision to continue masking account numbers, suppressing monthly balance, payment, and past due data, rendering retained data fields as dashes, and omitting inquiry records in the file disclosures it delivers to consumers.

99. Upon information and belief, Defendant delivers file disclosures generated from the same templates and containing the same categories of omissions to thousands of other consumers, such that Defendant's violations are systemic rather than isolated.

100. Concealment or obscuring of information that the statute requires to be disclosed supports a finding of willfulness, *see Cousin v. Trans Union Corp*., 246 F.3d 359, 372 (5th Cir. 2001) (concealment relevant to willfulness under the FCRA).

101. No court of controlling authority and no authoritative agency guidance has ever held that a consumer reporting agency may mask account numbers in their entirety, suppress monthly balance and past due history, display retained data as "Data Unavailable", or omit inquiry records in a section 1681g(a) file disclosure, and Defendant's contrary practice is not an objectively reasonable reading of the statute.

102. Defendant's violations of 15 U.S.C. § 1681g(a) were accordingly willful within the meaning of 15 U.S.C. § 1681n or, in the alternative, negligent within the meaning of 15 U.S.C. § 1681o.

## INJURY TO PLAINTIFF

103. Defendant's failure to clearly and accurately disclose all information in Plaintiff's file, and the sources of that information, decreased Plaintiff's ability to understand her own consumer file disclosure.

104. Defendant's masking of account numbers decreased Plaintiff's ability to identify the specific accounts reported in her file and to match each reported account against her own records, statements, and correspondence.

105. Because the two DEPT OF ED/AIDVANTAGE tradelines bear identical masked account numbers, Plaintiff cannot determine which reported student loan account, balance, and history corresponds to which of her student loans.

106. Because the US BANK account number is masked in its entirety, Plaintiff cannot identify that account at all, and cannot verify whether it is in fact hers or whether her file contains mixed file content or an account opened by an identity thief.

107. Defendant's omission of the monthly balance, payment, and past due values, and its display of retained data fields as dashes, prevented Plaintiff from reconstructing the reported history of her accounts and from comparing that history against her own records.

108. Defendant's unintelligible interleaved payment history notations prevented Plaintiff from understanding what Defendant records against her and for which months.

109. Defendant's failure to identify sources prevented Plaintiff from determining who supplied each item of information to Defendant, which is the predicate for investigating and disputing that information at its origin.

110. Defendant's omission of inquiry records prevented Plaintiff from learning who has accessed her file and from detecting unauthorized access.

111. Plaintiff was thereby deprived of information to which 15 U.S.C. § 1681g(a) entitles her, suffering a concrete informational injury of the kind Congress sought to prevent.

112. As a direct and proximate result of Defendant's violations, Plaintiff suffered actual damages including frustration, confusion, anxiety, aggravation, a sense of helplessness regarding the contents of her own file, and emotional distress.

113. As a further direct and proximate result of Defendant's violations, Plaintiff lost time and incurred effort attempting to decipher the Disclosure, to match masked account numbers against her records, and to determine what Defendant actually maintains in her file.

114. Plaintiff's injuries are concrete and particularized, are actual rather than conjectural, and bear a close relationship to harms traditionally recognized as providing a basis for suit, including the harm from being denied information to which one is legally entitled.

## AS AND FOR A FIRST CAUSE OF ACTION

(Willful Violation of 15 U.S.C. § 1681g(a), pursuant to 15 U.S.C. § 1681n)

115. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

116. Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all information in Plaintiff's file at the time of her request, including by masking every account number, masking one account number in its entirety, displaying identical masked account numbers for two different accounts, omitting monthly balance, payment, and past due values, displaying retained data fields only as dashes, omitting Plaintiff's complete date of birth, and omitting inquiry records.

117. Defendant violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiff the sources of the information in Plaintiff's file.

118. Defendant violated 15 U.S.C. § 1681g(a)(3)(A) by failing to identify each person that procured a consumer report concerning Plaintiff during the applicable statutory period preceding her request.

119. Defendant's violations were willful within the meaning of 15 U.S.C. § 1681n because Defendant acted knowingly or in reckless disregard of its statutory duties, as alleged above.

120. Pursuant to 15 U.S.C. § 1681n(a), Plaintiff is entitled to recover her actual damages or statutory damages of not less than $100 and not more than $1,000, punitive damages, and her costs together with reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**

(Negligent Violation of 15 U.S.C. § 1681g(a), pursuant to 15 U.S.C. § 1681o)

121. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

122. In the alternative, Defendant negligently failed to comply with 15 U.S.C. § 1681g(a)(1), 15 U.S.C. § 1681g(a)(2), and 15 U.S.C. § 1681g(a)(3)(A) as alleged above.

123. As a direct and proximate result of Defendant's negligent noncompliance, Plaintiff suffered actual damages as alleged above.

124. Pursuant to 15 U.S.C. § 1681o(a), Plaintiff is entitled to recover her actual damages and her costs together with reasonable attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. as follows:

(a) On the First Cause of Action, actual damages or statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages

pursuant to 15 U.S.C. § 1681n(a)(2), and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3);

(b) On the Second Cause of Action, actual damages pursuant to 15 U.S.C. § 1681o(a)(1) and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2);

(c) Prejudgment and postjudgment interest to the fullest extent permitted by law; and

(d) Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable in this action.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC

By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

**ATTORNEY VERIFICATION**

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

ELLIOT M. ELO, ESQ., an attorney duly admitted to practice law before the courts of the State of New York, affirms the following to be true under the penalties of perjury pursuant to CPLR 2106:

1. I am the attorney of record for Plaintiff EVA COLEMAN a/k/a EVA FEDER in the above-captioned action, and I maintain my office in the County of New York, State of New York.

2. I have read the foregoing verified complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

3. This verification is made by me and not by Plaintiff pursuant to CPLR 3020(d)(3) because Plaintiff resides in the County of Kings, which is not the county where I maintain my office.

4. The grounds of my belief as to all matters not stated upon my own knowledge are the documents, records, and file materials maintained in my office concerning this matter, including the consumer file materials referenced in the verified complaint, and communications concerning this matter.

Dated: New York, New York
August 14, 2026

s/ Elliot M. Elo
Elliot M. Elo, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
EVA COLEMAN a/k/a EVA FEDER,

Index No.: _____________/2026

Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant.
-------------------------------------------------------------------X

**NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (described below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@nycourts.gov.

Dated: New York, New York
August 14, 2026

THE LAW OFFICE OF ELLIOT M. ELO, ESQ. PLLC
By: s/ Elliot M. Elo
Elliot M. Elo, Esq.
42 West 48th Street, Floor 2
New York, New York 10036-1701
Telephone: (212) 302-1257
Facsimile: (212) 302-1648
Email: elliot@elolawfirm.com
*Attorney for Plaintiff*

TO: EXPERIAN INFORMATION SOLUTIONS, INC.

Experian Information Solutions, Inc., c/o C T Corporation System, 28 Liberty Street, New York, New York 10005, with service of process available upon the New York Secretary of State pursuant to Business Corporation Law § 306, and upon its registered agent, C T Corporation System, 28 Liberty Street, New York, New York 10005.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

**Job #:** 1644394

**Client:** ALEXANDER POOLE & CO., INC.
**Address:** 41 STATE STREET, SUITE 702 ALBANY , NY 12207

| | |
|---|---|
| EVA COLEMAN a/k/a EVA FEDER<br>*Plaintiff*<br>***vs***<br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>*Defendant* | **Index Number**: 530661/2026<br>**Client's File No.:** 2635556<br>**Court Date:**<br>**Date Filed:** 08/14/2026 |

**Christopher Crespo**, affirms and says:

# AFFIRMATION OF SERVICE

Affirmant is not a party herein; is over the age of 18 years and resides in the State of New York.

On **8/18/2026**, at **12:50 PM** at: **28 LIBERTY STREET, NEW YORK, NY 10005** affirmant served the within **SUMMONS AND VERIFIED COMPLAINT WITH NOTICE OF COMMENCEMENT OF MANDATORY ELECTRONIC FILING JURY DEMAND**

On: **EXPERIAN INFORMATION SOLUTIONS, INC. C/O CT CORP**, Defendant therein named.

☒ **#1 Corporation or Partnership or Trust or LLC or Non-Profit**
By delivering thereat a true copy of each to **CARLOS BOBE** personally. affirmant knew said corporation/partnership/trust/LLC/Non-Profit so served to be the corporation/partnership/trust/LLC/Non-Profit described in said aforementioned document as said Defendant and knew said individual to be General Agent authorized to accept service thereof.

☒ **#2 DESCRIPTION**

| | | | |
|---|---|---|---|
| **Gender: Male** | **Race: Hispanic** | | **Color of hair: Black/Gray** |
| **Age: 55** | **Height: 5ft 4in - 5ft 8in** | **Weight: 201-250 Lbs** | **Other Features:** |

☐ **#3 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#4 OTHER**

I affirm on 08/19/2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

CC

Christopher Crespo
DCA License # 2119895-DCWP

*PREFERRED PROCESS SERVERS INC 166-06 24TH RD, LL, WHITESTONE, NY 11357 718-362-4890 LIC#2003142-DCA*